KEN–MAR AIRPARK Inc., v. TOTH AIRCRAFT & ACCESSORIES CO. et al.

No. 7085.

United States District Court
W. D. Missouri.
April 23, 1952.

---

Sol M. Yarowsky, Kansas City, Mo., for plaintiff.

. Roy L. Vickrey, Kansas City, Mo., for defendant Gilbert H. Clevidence.

REEVES, Chief Judge.

A default judgment was entered in the above cause on March 25th last. It appeared from the pleadings that the suit was filed on August 13, 1951 and in due time the several defendants separately answered. Such answers were filed on August 31, 1951. Subsequently depositions were taken and other proceedings had, all of the parties being represented by counsel. On November 17, 1951 counsel for defendants withdrew "as attorney for the defendants in this cause." No further appearances were made and the cause was duly set for trial, the same being at issue.

When the case was called the defendants were not represented and counsel for the plaintiff sought judgment by default. The request for judgment by default was granted and as above stated such a default judgment was taken after a brief hearing on March 25th last.

The personal defendant has now moved for a rehearing and for an order setting aside the default judgment. This motion is based upon an affidavit designed to show excusable neglect as contemplated by Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

Another important question, however, obtrudes itself. It does not appear that the defendant or either of them had notice as contemplated by Rule 55(b) (2) Federal Rules of Civil Procedure. This rule specifically provides:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

 Neither the judgment nor the files show that such a notice was given in this case and according to the authorities there was a failure of due process and the judgment is a nullity. See Commercial Casualty Ins. Co. v. White Line T. & S. Co., 114 F.2d 946, loc. cit. 947, and Bass v. Hoagland, 5 Cir., 172 F.2d 205, loc. cit. 210. Moreover, the personal defendant has appended a doctor's certificate in support of his affidavit that he was ill and in bed for several days prior to and at the time the default judgment was entered and that because of such illness he was totally unable to appear in court. This would be excusable negligence perforce the provisions of said Rule 60.

In view of the above the defendant's motion should be sustained and the default judgment set aside for failure of due process and for excusable neglect.