**UNITED STATES of America,**
**Plaintiff,**

v.

**Louise G. MANOS et al., Defendants.**

**Civ. Nos. 5564, 71–91.**

United States District Court,
S. D. Ohio, E. D.

Aug. 21, 1972.

---

William W. Milligan, U. S. Atty., by W. Robinson Watters, Asst. U. S. Atty., Columbus, Ohio, Richard F. Mitchell, Dept. of Justice, Washington, D. C., for plaintiff.

R. Theodore Boehm, Columbus, Ohio, for defendants.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

These cases present several significant questions arising under Rules 55(b) and 60(b), Fed.R.Civ.P. The facts of these cases, which will be treated collectively, are rather simple and can be summarized as follows.

On May 28, 1959, the government filed United States v. Louise G. Manos and Manos Amusements, Inc., Civil Action No. 5564 (S.D.Ohio E.D.) (herein-

after No. 5564) in this Court. This suit sought to recover from the two defendants alleged tax deficiencies in the amount of $94,166.23 and alleged gratuitous transfers from Manos Amusements to Louise Manos in the amount of $120,339.10. On July 14, 1959, this Court, *per* Judge Underwood, entered an order upon the stipulation of the parties permitting the defendants an extension of time, until September 1, 1959, in which to plead or move to the complaint. Russell Mock, Esquire, signed the stipulation as "Attorney for *Defendants*" (emphasis supplied). This stipulation was the first and last paper filed on behalf of the defendants in No. 5564; no responsive pleading was ever entered.

On December 2, 1959 the Assistant United States Attorney requested from the Clerk of this Court an entry of default and a default judgment, pursuant to Rule 55(a) and (b), Fed.R.Civ.P., on the grounds that the defendants "failed to plead or otherwise defend" as provided for by the Rules of Civil Procedure. This request was honored by the Clerk on December 2, 1959 when he entered judgment, under Rule 55(b)(1), Fed.R.Civ.P., in the amount of $195,-695.72 and interest against both defendants. Attempts to execute on the judgment were unsuccessfully attempted by the government in 1960 and 1967.

On April 19, 1971, the United States filed United States v. Louise G. Manos, et al., Civil Action No. 71–91 (S.D.Ohio, E.D.) (hereinafter No. 71–91) seeking to enforce the judgment obtained in No. 5564 against Louise Manos and certain alleged assignees and transferees of her property. On May 18, 1972 various defendants in No. 71–91 moved for summary judgment on the primary ground that the judgment in No. 5564 was void or voidable as it was obtained through violations of Rule 55(b), Fed.R.Civ.P.[1] On July 14, 1972 defendant Louise Manos filed a motion to vacate judgment in No. 5564 pursuant to Rule 60(b), Fed. R.Civ.P. The government has filed opposing memoranda to these motions and reply briefs to these have, in turn, been filed by the defendants. These matters are now at issue before the Court.[2]

The defendants contend that the judgment in No. 5564 should be vacated because the Clerk of this Court proceeded improperly under Rule 55(b), Fed.R. Civ.P. The Clerk is authorized by Rule 55(b)(1) to enter default judgments in those cases where the complaint is for a sum certain and the defendant is defaulted "for failure to appear".[3] It is our opinion that the first of these conditions was satisfied in No. 5564, insofar as a liquidated dollar amount appeared on the fact of the complaint therein.

---

1. The defendants in No. 71–91 have also moved for summary judgment on the grounds that that suit is barred by either state or federal statutes of limitations and because the monetary judgment awarded in No. 5564 was erroneous, as to amount, as a matter of law.

2. In their reply brief in support of motion for summary judgment filed in No. 71–91 on July 5, 1972 the defendants, for the first time, advance equitable arguments under Rule 60(b) for setting aside the judgment in No. 5564. The threshold question, therefore, in both cases is the same, to wit: was the judgment in No. 5564 obtained in violation of the Rules of Civil Procedure and if so, should it be set aside at this time?

3. Rule 55(b)(1), Fed.R.Civ.P. provides, in its entirety, as follows:

 (b) *Judgment.* Judgment by default may be entered as follows:

 (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

 Defendants have not advanced the argument that the defendants in No. 5564 were, at the time of the pendency of that suit or presently, infants or incompetents.

We will assume for the sake of argument and without so holding that the stipulated agreement of July 14, 1959, constituted an "appearance" within the meaning of Rule 55(b)(2), Fed.R.Civ.P. See, Winfield Associates, Inc. v. Stonecipher, 429 F.2d 1087 (CA10 (1970); H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970); Hutton v. Fisher, 359 F.2d 913 (CA3 1966); Dolminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex., 1961). We will, therefore, assume that the judgment in No. 5564 was improperly entered by the Clerk under Rule 55(b)(1); it should more properly have been adjudged pursuant to Rule 55(b)(2), Fed.R.Civ.P.[4] The plaintiff herein does not dispute the facts that the defendants did not receive three days notice prior to the entry of default judgment and that the judgment entered was erroneously signed by the Clerk and not by the Judge as required under Rule 55(b)(2), Fed.R.Civ.P. This Court must now consider whether this procedural mistake constitutes a ground, pursuant to Rules 55(c) and 60(b), Fed.R.Civ.P., for vacating the judgment in No. 5564.[5]

▮▮ It is well established that protections contained in Rule 55, Fed.R.Civ.P. are essentially procedural and the failure to abide by them does not necessarily render a resultant judgment void. It has been recently noted by the Tenth Circuit that "a procedural defect, such as failure to give notice as required, may be sufficient to afford relief from a default judgment on appeal or for relief under Rule 60(b) or together with other irregularities shown by the facts of the particular case may render the judgment void, however the error should not usually be treated as so serious as to render the judgment void." Winfield Associates, Inc. v. Stonecipher, *supra*, 429 F.2d at 1091. Professor Moore has said that while the failure to give the required notice pursuant to Rule 55(b)(2) and to comply with other provisions of that rule "is generally regarded by the courts as a serious procedural irregularity . . . the error should

---

4. Rule 55(b)(2), Fed.R.Civ.P. provides, in material part, as follows:

 (b) *Judgment.* Judgment by default may be entered as follows:

 (2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; . . . If the party against whom, judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application . . . .

5. Rule 55(c), Fed.R.Civ.P., provides as follows:

 (c) *Setting Aside Default.* For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

 Rule 60(b), Fed.R.Civ.P. provides, in material part as follows:

 (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied; released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

be considered in light of the surrounding circumstances and will, at times, be considered harmless". 6 Moore's Federal Practice, ¶ 55.05[3] at 1816–1817 (2d ed.1971). It must be kept in mind that the provisions of Rule 55 should not be used to punish technical violators of the Federal Rules of Civil Procedure. In this regard a court has noted:

> . . . the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection. Furthermore, the possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy. The notice requirement contained in Rule 55(b)(2) is, however, a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit.

H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, *supra*, 432 F.2d at 691. Also see, United States v. Borchers, 163 F.2d 347 (CA2 1947), cert. den. 332 U.S. 811, 68 S.Ct. 108, 92 L.Ed. 389 (1947); Bass v. Hoagland, 172 F.2d 205 (CA5 1949), cert. den. 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949); United States ex rel Knupfer v. Watkins, 159 F.2d 675 (CA2 1947); 6 Moore's, *supra*, ¶¶ 55.09, 55.10.

■■ It is apparent to us that the Clerk of this Court proceeded erroneously in No. 5564 under Rule 55(b)(1) when he should have followed the procedure as set forth in Rule 55(b)(2). His errors were consistent and indicate that he thought the first subdivision of paragraph (b) of the rule was applicable. There can be no doubt that his error

was a serious procedural failure and was the kind of error that could have been remedied on appeal or by an appropriate motion under Rule 60(b). However, it is not the kind of error that should "usually be treated as so serious as to render the judgment void", 7 Moore's, *supra*, ¶ 60.25[2] at 311. A mistake of the type now before the Court presents a problem of a voidable judgment within the meaning of Rule 60(b)(6) and not a void one pursuant to Rule 60(b)(4), Fed.R.Civ.P. See and compare, Meeker v. Rizley, 324 F.2d 269 (CA10 1963) with Winfield Associates v. Stonecipher, *supra*; also see, Rutland Transit Company v. Chicago Tunnel Terminal Company, 233 F.2d 655 (CA7 1956). This is so because a judgment is not void merely because it is erroneous. It is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law, or if the judgment was procured through fraud or collusion. 3 Barron and Holtzoff, Federal Practice and Procedure, § 1327 (Civil) at 413 (Wright ed. 1958); 7 Moore's, *supra*, ¶ 60.25[2] at 301–302; Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 465, 21 L.Ed. 897 (1873); Pennoyer v. Neff, 95 U.S. 714, 720, 24 L.Ed. 565 (1877); Riehle v. Margolies, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929); Stoll v. Gottlieb, 305 U.S. 165, 171–172, 59 S.Ct. 134, 83 L.Ed. 104 (1938). The record in the instant case shows that the defendant, Louise Manos, was properly served with process in June of 1959; and that this Court had subject matter jurisdiction over No. 5564 pursuant to 28 U.S.C. §§ 1340 and 1345. The defendants at bar do not seriously urge that the judgment in No. 5564 was obtained through fraud or collusion. The gist of their argument is that the default judgment obtained in the original proceeding herein contained a procedural defect within the meaning of Rule 55(b), Fed.R.Civ.P. We, therefore, conclude that Rule

60(b)(4) has no application to the facts of the case at bar and that defendants' motion to vacate judgment has, via Rule 55(c), Fed.R.Civ.P., reference only to Rule 60(b)(6).[6]

Rule 60(b) specifically provides that motions arising under subdivision (6) of the rule be made "within a reasonable time." The defendant herein has moved this Court to vacate a default judgment that was entered more than twelve and one-half years ago. Although the defendants allege that Mrs. Manos did not receive the procedural notice required by Rule 55(b)(2), they do not contend that she did not receive notice of the entry of judgment prior to 1972. Certainly Mrs. Manos knew that she had been sued in 1959 and further knew or should have known that an attorney entered an appearance on her behalf and extended the time in which she had the right to move or plead to the complaint. It is unreasonable for the Court to conclude that Mrs. Manos, by not filing any other papers with this Court in opposition to the government's suit in No. 5564, thought that that suit just disappeared and did not go on to judgment against her. There is, in fact, an uncontroverted affidavit in the record in No. 71–91 by Mr. Stephen Krawson, a former employee of the Internal Revenue Service, stating that he discussed the judgment liability of Mrs. Manos under No. 5564 within ten months of its entry. The Court, therefore, concludes that Mrs. Manos has known or should have known of the judgment entered against her in No. 5564 for at least eleven years.

■■ It is well settled that where a motion under Rule 60(b)(6) "is predicated on lack of notice of the judgment, the most important factor is, of course, the time at which the party did in fact learn of the entry of judgment, or should have learned of it." 7 Moore's, *supra*, ¶ 60.27[3] at 380–381; also see, Radack v. Norwegian American Line, 318 F.2d 538 (CA2 1963); Goldfine v. United States, 326 F.2d 456 (CA1 1964). Assuming, *arguendo*, that Mrs. Manos' original attorney was negligent in not advising her to move or plead within the extended time period, this negligence is attributable to Mrs. Manos. See, Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); L. P. Steuart, Inc. v. Matthews, 117 U.S.App. D.C. 279, 329 F.2d 234 (CADC 1964), cert. den. 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964); also see and compare Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949) with Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

■■ Mrs. Manos had at least constructive, if not actual notice of the judgment in No. 5564 approximately

---

6. Rule 60(a), Fed.R.Civ.P. is not applicable, of course, because we are not now considering merely clerical and ministerial errors in the judgment rendered in No. 5564. See, Smith v. Insurance Company of North America, 213 F.Supp. 675 (M.D.Tenn., 1962), reversed in part on other grounds, 334 F.2d 673 (CA6, 1964), cert. den. 380 U.S. 915, 85 S.Ct. 895, 13 L.Ed.2d 801 (1965); Hirsch v. U. S., 186 F.2d 524 (CA6 1951); Pattiz v. Schwartz, 386 F.2d 300 (CA8 1968); Woodworkers Tool Works v. Byrne, 191 F.2d 667 (CA9 1951); 6 Moore's, *supra*, ¶ 60.06 [3] and [4].

It should be clear that the first five grounds of Rule 60(b) have no application to this case. A motion to vacate upon the grounds provided for in Rule 60 (b) (1), (2) and (3) must be made within one year of the entry of judgment. This time requirement was not complied with here and the defendants' rights, if any, under these subdivisions of the rule were thereby waived. Rule 60(b)(1) is not in point for the reasons set forth above. The fifth ground contained in Rule 60(b) (5), that the judgment has been satisfied or that it is no longer equitable, has not been raised and would clearly not be applicable. The Court, therefore, construes the motion to be based upon Rule 60(b) (6), Fed.R.Civ.P. and to contend, in effect, that Mrs. Manos should be relieved from the judgment because it was entered in a procedurally defective manner by default in 1959.

eleven to twelve years prior to filing the present motion to vacate a voidable judgment pursuant to Rule 60(b)(6), Fed.R.Civ.P. She has not taken any action during this period of time to free herself from the ultimate operation of the judgment against her in No. 5564. The judgment in No. 5564 is, like all final judicial orders, presumptively valid and binding on the parties to that action. The presumption of validity is, of course, rebuttable through successful appeal or by timely motion under Rules 59 and 60, Fed.R.Civ.P. Mrs. Manos has failed to avail herself in a timely manner, of these alternatives. The Court, therefore, holds that a delay of eleven to twelve years, under such circumstances, is a *per se* violation of the concept of "reasonable time" for filing a motion to vacate within the meaning of Rule 60(b)(6), Fed.R.Civ.P. See, Sebastiano v. United States, 103 F.Supp. 278 (N.D. Ohio, E.D.1951), affirmed, 195 F.2d 184 (CA6 1952) (eleven year delay not timely); Zurini v. United States, 189 F.2d 722, 726 (CA8 1951) (District Court's refusal to vacate judgment after a lapse of fourteen years not an abuse of discretion); also see, West v. Gilbert, 361 F.2d 314 (CA2 1966), cert. den. 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1967); Rhodes v. Houston, 258 F.Supp. 546 (D.Neb., 1966), affirmed, 418 F.2d 1309 (CA8 1969), cert. den. 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970); Friedman v. Wilson Freight, 320 F.2d 244 (CA3 1963); Mungin v. Florida East Coast Ry. Co., 318 F.Supp. 720 (N.D.Fla., 1970), affirmed, 441 F.2d 728 (CA5 1971).

 Even if we were to assume, *arguendo*, that a delay of more than twelve years between the entry of judgment and the filing under Rule 60(b)(6) of a motion to vacate that judgment is not a *per se* unreasonable delay this Court, under the rule, has considerable discretion in granting relief. It is well settled in this Circuit that a motion under Rule 60(b)(6) "is addressed to the sound discretion of the trial court." Jacobs v. DeShetler, 465 F.2d 840 (CA6 1972), affirming Jacobs v. DeShetler, Civil Action No. 69–301 (S.D.Ohio, E.D.); Douglass v. Pugh, 287 F.2d 500 (CA6 1961); 3 Barron and Holtzoff, *supra*, § 1323 (Civil). The Court recognizes that Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted" by the other clause of this rule, 7 Moore's, *supra*, ¶ 60.27[2] at 375; also see, Menier v. United States, 405 F.2d 245 (CA5 1968); Pierre v. Bernuth, Lembcke Co., 20 F.R.D. 116 (S.D.N.Y., 1956). In exercising this discretionary equitable power the Court is also aware that default judgments are not favored in the law, see, Gomes v. Williams, 420 F.2d 1364 (CA10 1970); Tolson v. Hodge, 411 F.2d 123 (CA4 1969); Lunderville v. Allen, 366 F.2d 445 (CA2 1966); Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692 (1966); Bowles v. Branick, 66 F.Supp. 557 (W. D.Mo., 1946); and that "Courts exist to do justice, and are properly reluctant to lend their processes to the enforcement of an unjust judgment." Wright, Law Of The Federal Courts, § 98 at 439 (2d ed. 1970). However, this Court is also aware that the "rules that require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity", *id.*, at 439; and further there are sound reasons for courts to strive towards achieving finality in litigation. See, Whiteleather v. United States, 264 F.2d 861 (CA6 1959); Weilbacher v. J. H. Winchester & Co., 197 F.2d 303 (CA2 1952); Ackermann v. United States, *supra*; 7 Moore's, *supra*, at 375; Wright, *supra*, at 440. We are required to balance the equities of the parties when ruling on a motion arising under Rule 60(b)(6), Fed.R.Civ.P. In so doing, this Court, in an exercise of its discretionary powers, concludes that defendant Louise Manos' motion to vacate the twelve year old judgment in No.

5564 is, in the absence of an explanation explaining her refusal to answer the complaint in that suit after being served with process and appearing through her attorney to obtain an extension of time, without merit and should be denied.

■■■ The Court also concludes that defendants' motion for summary judgment in 71–91, on statute of limitation grounds, is without merit and should be denied. No. 71–91 is a suit to enforce a valid judgment obtained in No. 5564. This Court is not aware of any statute of limitations upon a suit to enforce a valid federal judgment. United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194; United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); and cases cited therein at 310 U.S. at 416, 60 S.Ct. 1019; United States v. Parker House Sausage Company, 344 F. 2d 787 (CA6 1965); United States v. Oscar Frammel & Bros., 50 F.2d 73 (CA2 1931).

Several other grounds briefed by counsel for the defendants are not properly before the Court at this time. They go to the mathematical exactitude of the default judgment obtained in No. 5564 and the interpretation of several Tax Court decisions upon which the judgment rendered in 1959 was based. These are really nothing more than Rule 12 defenses which should have been raised by answer in 1959 to the complaint in No. 5564. The defendant Louise Manos, having failed, without good cause shown, to do so twelve years ago is barred from relitigating the facts underlying the judgment on which the plaintiff has now sued. See, Aviation Specialties Inc. v. Thompson, 395 F.2d 199 (CA9 1968); DePinto v. Provident Security Life Insurance Co., 323 F.2d 826 (CA9 1963), cert. den. 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964), and cases cited above.

Accordingly, the motions of the defendants in Nos. 5564 and 71–91 to vacate default judgment pursuant to Rules 55(c) and 60(b)(6), Fed.R.Civ.P., and for summary judgment pursuant to Rule 56, Fed.R.Civ.P. are, for the reasons stated above, without merit and the same are hereby denied.

It is so ordered.