**SONUS CORPORATION, Plaintiff,**

**v.**

**MATSUSHITA ELECTRIC INDUSTRIAL COMPANY, LTD., and Matsushita Electric Corporation of America, Defendants.**

Civ. A. No. 68–977–J.

United States District Court, D. Massachusetts.

Jan. 18, 1974.

Jerome Medalie, Widett & Widett, Boston, Mass., for plaintiff.

James D. St. Clair, Hale & Dorr, Boston, Mass., for defendants.

## OPINION

JULIAN, Senior District Judge.

This diversity action was commenced by Sonus Corporation on October 28,

1968. Both defendants, Matsushita Electric Industrial Company, Ltd., and Matsushita Electric Corporation of America, answered and counterclaimed. Thereafter, on September 29, 1970, the defendants filed a request for admissions and interrogatories. On November 16, 1970, Sonus' counsel, Mr. Medalie, attempted to withdraw; however, counsel did not comply with Local Rule 7(d) which governs withdrawal of appearance.[1]

On December 11, 1970, Sonus was petitioned into bankruptcy, and on January 8, 1971, was adjudicated a bankrupt. In late January 1971 the Court received a letter from Mr. Seder, the Receiver in Bankruptcy of Sonus. This letter stated, in part, "I would very much appreciate the Court's holding matters in abeyance for a reasonable period of time after the appointment of the Trustee, so that a full and proper evaluation of the Trustee's interest in this matter may be made." Mr. Seder subsequently was appointed trustee.

On May 14, 1971, defendants moved for an order directing answers to interrogatories and admissions. A copy of the motion was served upon Mr. Kagan, counsel for the trustee in bankruptcy of Sonus. The motion was granted by the magistrate and approved by the Court on July 23, 1971; copies of the memorandum and order were sent to plaintiff, defendants' counsel, and counsel for the trustee. On September 3, 1971, defendants moved to default plaintiff, Sonus, on the claims and counterclaims for failure to comply with the order. Service of this motion was made upon counsel for the trustee in bankruptcy, but no service was made on plaintiff or its counsel. On October 8, 1971, the Court defaulted plaintiff, Sonus, on the counterclaims and granted a non-suit and ordered entry of judgment against plaintiff on the claims embodied in the complaint.[2] It does not appear from the docket, however, that judgment was in fact entered. See F.R.Civ.P. 58. Copies of this action were sent to counsel for the defendants, counsel for the trustee, and the trustee, but not to plaintiff or its counsel.

The trustee responded to the Court's action by filing motions to set aside the defaults, vacate the judgment of nonsuit, dismiss counterclaims, and to substitute himself as party plaintiff.[3] After hearing on these motions and consideration of the memoranda submitted in support of and opposition to these motions, the Court, desiring additional information to aid in its decision, ordered the plaintiff, the trustee, and the defendants to answer specific questions propounded by the Court. Answers to these questions have been filed.

The problems in this case arise from the failure of counsel on each side to comply with the Rules. It is unfortunate that unnecessary expense (including counsel fees), delay and uncertainty, are introduced into a case by counsel's disregard of the Rules.

---

1. Local Rule 7(d) provides:

"(d) *Withdrawal of appearance.* An attorney may withdraw from a case by serving notice of his withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is accompanied by notice of the appearance of other counsel, (2) there are no motions pending before the court, and (3) no trial date has been set. Unless these conditions are met, an attorney may withdraw from a case only by leave of court."

When counsel attempted to withdraw, motions were pending before the court and no notice of the appearance of other counsel was filed. Leave to withdraw was not requested. Mr. Medalie concedes failure to comply with Local Rule 7(d).

2. The Court granted the defendants' motion "1. That default be entered against Plaintiff in respect to Plaintiff's claims against both Defendants, and that judgment be entered for both Defendants in respect to said claims. 2. That default be entered against Plaintiff in respect to all counterclaims brought against Plaintiff by the Defendants." See F.R.Civ.P. 55.

3. At the filing of the first of these motions Mr. Medalie filed an appearance as attorney for the trustee.

### The Motion to Vacate

■ The petition to vacate is based on F.R.Civ.P. 55(c) and 60(b).[4] The standard for setting aside a final order or a judgment by default is more stringent than that for setting aside an entry of default. Compare F.R.Civ.P. 55(c) with F.R.Civ.P. 60(b). See Securities and Exchange Commission v. Vogel, 49 F.R.D. 297, 299, n. 2 (S.D.N.Y.1969). The defaults entered against the plaintiff on the defendants' counterclaims can be set aside for "good cause shown" under F.R.Civ.P. 55(c). No notice was given to the plaintiff or its counsel of defendants' motion for an order directing answers to interrogatories and responses to requests for admissions, or of defendants' motion for default and hearing thereon, or of the Court's action granting the defendants' motion for default. Neither the plaintiff nor anyone purporting to represent the plaintiff appeared at any of the hearings. Nor does it appear that the plaintiff or its counsel had actual notice of the filing of either of the two motions or of the hearings thereon or of the Court's action granting defendants' motion to default. Furthermore, the plaintiff asserts that it has valid defenses to defendants' counterclaims. The Court is satisfied that good cause exists under Rule 55(c) for setting aside the defaults. *E. g.,* Securities and Exchange Commission v. Vogel, *supra.*

Similarly, it could be argued that, although the Court granted a motion that judgment be entered on the plaintiff's claims, the failure to enter judgment relieves the plaintiff of the necessity of fulfilling the standard of F.R.Civ.P. 60(b). See F.R.Civ.P. 58. If this argument were accepted, only the "good cause" standard of F.R.Civ.P. 55(c) would be applicable. Nevertheless, the argument that 60(b) is inapplicable and that the Court's action on the motion that judgment be entered should be measured solely by the standard of Rule 55(c) has not been raised or briefed. The dispute has centered on setting aside the Court's action under Rule 60(b). Accordingly, in order to prevent uncertainty concerning the scope of the Court's ruling in the matter presently before it, the Court will assume judgment has been entered. The Court's action on the motion that judgment be entered is, therefore, measured herein by the strict standard of Rule 60(b). The Court believes the requirements of Rule 60(b) are satisfied, see *infra*; the Court also finds that the "good cause" requirement of Rule 55(c) is satisfied. Thus, it is unnecessary to determine whether the strict standard of Rule 60(b), or only the more lenient standard of Rule 55(c), is applicable.

■■ The Court may relieve a party or his legal representative from a final judgment if that judgment is void. F. R.Civ.P. 60(b)(4). The plaintiff in this action is the corporation, not the trustee.[5] The issue is whether the judg-

---

4. F.R.Civ.P. 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

F.R.Civ.P. 60(b) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void;
. . . ."

The petition to vacate was filed by the trustee. The plaintiff, Sonus Corporation, also urges vacation in its response to the questions posed by the Court. Since the Court has a motion to vacate before it, Sonus will be treated as having joined in that motion.

5. Under Sec. 11(b), (c) of the Bankruptcy Act, 11 U.S.C. § 29(b), (c), the trustee was not compelled to become a party to this suit. *See, e. g.,* Meadowbrook Nat'l Bank v. Recile, 302 F.Supp. 62 (E.D.La.1969); see generally 1A Collier on Bankruptcy ¶ 11.-08–¶ 11.11 (14th ed.).

A trustee does not submit himself to the jurisdiction of a court merely by protesting the court's exercise of jurisdiction in a case

ment is void as against the plaintiff, not whether any judgments would be binding on the trustee in the bankruptcy proceeding.

A copy of the September 3, 1971, motion to default was served upon counsel for the trustee in bankruptcy; no copy was served upon the plaintiff corporation. Failure to serve the motion upon plaintiff constituted a violation of F.R. Civ.P. 5 and 55(b)(2).[6] In Ken-Mar Airpack, Inc. v. Toth Aircraft & Accessories Co., 12 F.R.D. 399 (W.D.Mo. 1952), neither the judgment nor the files showed that the defendant, who had been defaulted, had received notice in compliance with F.R.Civ.P. 55(b)(2). The court found "there was a failure of due process and the judgment is a nullity." 12 F.R.D. at 400. See Wilver v. Fisher, 387 F.2d 66 (10 Cir. 1967); Meeker v. Rizley, 324 F.2d 269 (10 Cir. 1963); Pittston Co. v. Reeves, 263 F.2d 328 (7 Cir. 1959); Savoretti v. Rodriguez-Jiminez, 252 F.2d 290 (5 Cir.

1958); Hicklin v. Edwards, 226 F.2d 410 (8 Cir. 1955); Bass v. Hoagland, 172 F.2d 205 (5 Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949); Zaro v. Strauss, 167 F.2d 218 (5 Cir. 1948); Comm. Casualty Ins. Co. v. Whiteline Transfer & Storage Co., Inc., 114 F.2d 946 (8 Cir. 1940); Press v. Forest Labs., Inc., 45 F.R.D. 354 (S. D.N.Y.1968); see also Swallow v. United States, 380 F.2d 710 (10 Cir. 1967). Professor Moore suggests that 60(b)(4) was incorrectly applied in *Ken-Mar* and that relief should have been based on 60(b)(1) or (6).[7] 7 Moore's Federal Practice ¶ 60.25 [2], p. 311 (2d ed. 1973). Moore further suggests that failure to give notice under F.R.Civ.P. 55(b)(2) may, at times, be harmless. See F.R.Civ.P. 61. Two recent cases have specifically adopted the view that failure of notice required by 55(b)(2) does not automatically render the judgment void. See Winfield Assoc. Inc. v. Stonecipher, 429 F.2d 1087 (10 Cir.

affecting the interests of the bankrupt. Pugh v. Loisel, 219 F. 417 (5 Cir.), cert. denied, 238 U.S. 631, 35 S.Ct. 793, 59 L.Ed. 1497 (1915); Hall v. Main, 34 F.2d 528 (E. D.Ill.1929), aff'd, 41 F.2d 715 (7 Cir. 1930). The trustee's contact with this case is more tenuous than in cases in which he appears to contest jurisdiction. The receiver merely recited that the trustee, once appointed, would evaluate the trustee's interest in the suit. This is insufficient to constitute the appearance of the trustee; it did not make the trustee a party. See, generally, 1A Collier on Bankruptcy ¶ 11.11 (14th ed.). The defendants cite 6 Moore's Federal Practice ¶ 55.05 [3] and the cases cited in note 6 thereof to support their contention that the receiver's letter constituted the trustee's appearance. The cited paragraph of Professor Moore's treatise concerns the entry of default. Professor Moore states that the clerk may enter default if the defaulted party has not made an appearance; if an appearance has been made, the court, not the clerk, must enter judgment by default. Professor Moore states that "a party may be deemed to have filed an appearance when there have been contacts between the plaintiff and the defaulting party that indicate the defaulting party intends to defend the suit." The authorities cited by the defend-

ants are inapposite. In the present case the trustee was not a party. Furthermore, at no time prior to default did the receiver or trustee indicate an intention to enter, prosecute or defend this suit. The letter of the receiver merely recites his belief that the trustee, once appointed, will desire to evaluate his interest in this suit.

6. F.R.Civ.P. 5(b) requires that service upon a party represented by an attorney shall be made upon the attorney. If the party is without counsel, service should be made upon the party. See 2 Moore's Federal Practice ¶ 5.06, p. 1352. Service was not made upon Mr. Medalie, who had attempted to withdraw, see footnote 1, *supra*, or upon Sonus.

F.R.Civ.P. 55(b)(2) provides in part:
". . . the party entitled to a judgment by default shall apply to the court therefor; . . . If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. . . ."

7. Many of the cases cited above do not specify which clause of 60(b) is being applied.

1970); United States v. Manos, 56 F.R. D. 655 (S.D.Ohio 1972).

 Failure to notify the plaintiff of the application for judgment by default in compliance with F.R.Civ.P. 55(b) is a serious procedural error, but it does not of itself render a judgment void. Winfield Assoc. Inc. v. Stoneci-pher, *supra*; United States v. Manos, *supra*. However, failure to give *any* notice to the plaintiff of the application for judgment by default, which application was granted, raises a question of due process. *See, e. g.*, Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (the "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest"); Bass v. Hoagland, 172 F.2d 205 (5 Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949); *see also* cases cited in the pre-ceding paragraph. Neither plaintiff nor its counsel was given any prior notice of the motion for judgment by default or the hearing thereon,[8] therefore due process was denied plaintiff. Bass v. Hoagland, *supra*. A judgment is void within the meaning of F.R.Civ.P. 60(b)(4) if the court rendering it acted in a manner inconsistent with due process of law. Bass v. Hoagland, *supra*; United States v. Manos, *supra*; see 7 Moore's Federal Practice, ¶ 60.25 [2], pp. 309–10 and cases there cited; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1327 at p. 413 (Wright ed., 1958); see also Windsor v. McVeigh, 93 U.S. 274, 277–278, 283–284, 23 L.Ed. 914 (1876). Therefore, the defaults, non-suits and judgments entered against the plaintiff by this Court on October 8, 1971, are set aside under F.R.Civ.P. 55(c) and 60(b)(4).

### The Trustee's Motion to Substitute Himself as Party Plaintiff

 The trustee has moved to substitute himself for Sonus for all pur-

---

**8.** No party before this Court has shown that plaintiff or its attorney received prior notice or had prior knowledge of the motion or hearing.

The plaintiff was ordered to respond in writing to the questions: "Did you receive notice of the Defendants' Motion That Plaintiff Be Defaulted for Failure to File Answers to Interrogatories and Admissions, and for Other Relief, and of the hearing thereon? If so, when? If not, did you have knowledge of the motion and the hearing prior to the hearing?" Sonus replied: "No, Sonus Corporation did not receive notice of the Defendants' Motion that Plaintiff be Defaulted for Failure to File Answers to Interrogatories and Admissions, and for Other Relief, and of the hearing thereon. Sonus Corporation did not have knowledge of the motion and the hearing prior to the hearing."

In addition, plaintiff's attorney (who purportedly had withdrawn) asserts he "was totally without knowledge of the default proceedings until after they had concluded."

The defendants were also ordered to respond in writing to questions about notice to plaintiff.

To establish that proper notice under Rule 55(b)(2) was given plaintiff, the defendants rely on the mailing of notice to the attorney for the plaintiff's trustee. However, no case has been found or cited to substantiate the defendants' position that service on the trustee, who was not a party, or his attorney constituted service on the bankrupt plaintiff. Service upon the trustee's attorney did not constitute service upon the plaintiff. F.R. Civ.P. 5(b).

To demonstrate that plaintiff had notice, though not necessarily in compliance with Rule 55(b)(2) of the motion, the defendants rely on two letters. In December 1970 the defendants, by letter, told the plaintiff of their intent to get "an order compelling Sonus to comply with the rule of the court respecting responses to interrogatories and demands for admissions." In January 1971 a copy of a letter addressed to this Court was sent to Sonus. This letter stated the defendants would request rulings on the failure to answer interrogatories and on the failure to respond to the demands for admissions. Neither letter establishes that Sonus had notice of the application for default. Neither mentions the intent to seek a default. There is no mention of an application for default or a hearing thereon.

poses in this litigation. The defendants oppose substitution. The trustee has filed orders of the bankruptcy court which authorize him to seek vacation and to try these matters to conclusion. The trustee's motion is granted and it is ordered that he be allowed to intervene as a party plaintiff in the case brought by Sonus and as a party defendant in the counterclaims brought by the defendants and that he prosecute Sonus' claims against defendants, and defend against the defendants' claims against Sonus, to final judgment. 11 U.S.C. § 29(b), (c).[9]

*The Motion to Dismiss with Prejudice All Counterclaims Asserted by Matsushita Electric Corporation of America or to Permit Said Trustee to File an Answer to Said Counterclaims.*[10]

 The trustee asserts the counterclaims of Matsushita Electric Corporation of America do not satisfy F.R. Civ.P. 8(a) in that they do not show "that the pleader is entitled to relief." He maintains that a claim for damages for breach of contract must allege a contractual or other relationship between the defendant and Sonus and also that the claimant has performed under the contract. He further asserts that the failure to so allege is more than a pleading defect, that no relationship existed, and requests "summary judgment dismissing with prejudice" these counterclaims. The characterization as more than a pleading defect results from the trustee's conclusion that no relationship existed. If a mere pleading irregularity

does exist, dismissal with prejudice is extreme; amendment would seem preferable. See F.R.Civ.P. 15(a).

 The Court denies the motion to dismiss but grants the alternative relief requested. The trustee is ordered to file answers to defendants' counterclaims and to answer the defendants' interrogatories and respond to their requests for admissions,—all within 30 days from date hereof.[11]

---

9. Sonus is not removed as a party, for the intervention of the trustee does not release it from liability. Should the trustee be removed or should Sonus fail to be discharged and the bankruptcy proceedings dismissed, the defendants are entitled to have a party against whom they can obtain judgment on their counterclaims.

10. A motion for summary judgment must be made by a party. F.R.Civ.P. 56(b). At the

time this motion was filed, the trustee was not a party. This, in itself, is ground for denying the motion.

11. Eric A. Kolm, the former president of Sonus, has petitioned for permission to intervene for the limited purpose of presenting his position and that of Sonus on the motion to remove defaults and vacate judgments. Permission is denied.