**In re Joseph Leon WILLIAMS, II aka Joseph L. Williams, II aka Joe Williams aka Williams Legal Services dba Law Offices aka Legal Services Center aka Legal Services, Debtor.**

**L.D. FITZGERALD, Trustee, Plaintiff,**

**v.**

**Shirley Jean SIMPSON, aka Shirley Simpson, Defendant.**

**Bankruptcy No. 89–03343–7.**

**Adv. No. 92–6038.**

United States Bankruptcy Court,
D. Idaho.

Dec. 22, 1992.

Richard D. Greenwood, Stephan, Kvanvig, Greenwood, Stone & Trainor, Twin Falls, ID, for plaintiff.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

This matter is before the Court on the motion of Shirley Simpson, the defendant in this case ("Simpson"), to set aside a default judgment against her. The judgment was granted in favor of L.D. Fitzgerald, ("Trustee") the Chapter 7 trustee for Joseph L. Williams, II, as a result of Simpson's failure to appear at the trial of

versed the BAP and adopted the district court's interpretation of the applicable law.

the trustee's action against Simpson for a fraudulent transfer.

## FACTS

Trial of this action was scheduled for July 13, 1992. The trustee's motion for a default judgment was granted on that date when Simpson failed to appear. (Simpson was at the time appearing pro se.) The default judgment was entered on August 20, 1992. Plaintiff then applied to the Court for an award of attorney's fees and costs. The application for attorney's fees was filed on August 18, 1992; the bill of costs was filed on August 20, 1992. Simpson filed a written objection to allowance of the attorney's fees and costs. At the hearing on fees held on September 14, 1992, Simpson failed to appear and the trustee was tentatively awarded the requested fees. The order awarding the fees was entered on September 17, 1992, and the judgment was amended on October 13, 1992, to reflect the award. Simpson's motion to set aside the default judgment was filed on November 20, 1992.

Simpson argues the judgment should be set aside for excusable neglect under Rule 60(b). She presents an affidavit stating she "was ill with flu-like symptoms and unable to attend the hearing" at which the default judgment was granted. She also presents the affidavit of Joseph L. Williams II, the debtor in the related case ("debtor"), who states that Simpson "was very ill, and had been for three (3) days, and could not attend the trial." The affidavits also state the debtor called the court clerk on behalf of Simpson, leaving a message on the morning scheduled for trial to the effect Simpson would not appear due to illness. The Clerk's Office received a message from the debtor to the effect that Simpson would not appear that morning, which was stated for the record. Neither Simpson nor debtor requested a continuance in the phone message. The Court notes that, while Simpson has appeared pro se, the debtor, who is an attorney, has aided her in these proceedings.

## LEGAL STANDARDS

This motion is brought pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, made applicable here by Fed. R.Bankr.P. 7055. Default judgments granted in accordance with that rule may be set aside under the standards set forth in Fed.R.Civ.P. 60(b), applicable to this proceeding under Fed.R.Bankr.P. 9024.

There are three considerations to be evaluated in a Rule 60(b) motion.

> First, since Rule 60(b) is remedial in nature, it must be liberally applied.... Second, default judgments are generally disfavored, and "'[w]henever it is reasonably possible, cases should be decided upon their merits.'" ... Third, where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment.

*Hammer v. Drago (In re Hammer),* 940 F.2d 524, 525 (9th Cir.1991) (citations omitted).

"In this circuit, a trial court has discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *Hammer, supra,* 940 F.2d at 525–26. This test is disjunctive. *Hammer, supra,* 940 F.2d at 526. If the defendant's culpable conduct caused the default, there is no need to consider the other two elements. *Hammer, supra,* 940 F.2d at 526; *Benny v. Pipes,* 799 F.2d 489, 494 (9th Cir.1986), *amended on other grounds,* 807 F.2d 1514 (1987), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). A motion to set aside a default judgment must be filed within "a reasonable time." Fed.R.Civ.P. 60(b).

## DISCUSSION

█ It is found the defendant has not shown excusable neglect sufficient to set aside the default judgment. In addition to the trial, there have been three other hearings in this case: Simpson's motion to dismiss, debtor's motion to intervene, and the trustee's motion for attorney's fees.

Simpson has yet to appear before this Court, having even failed to attend the hearing upon her own motion. Simpson has never attempted to excuse her absence at those hearings. Simpson's complaint of "flu-like symptoms" over three days is un-supported by any indication that this illness was even sufficient to require a visit to the doctor. In leaving word that she would not attend, Simpson did not call herself, nor did she even request a continuance. I am not so credulous as to believe that Simpson was so ill that she could not attend, or that Simpson's pattern of neglecting court dates would have been broken if only she had not gotten ill.

This lack of excusable neglect is only further exacerbated by the delay in filing the motion to set aside the default judg-ment. A period of three months elapsed between the entry of the judgment and Simpson's motion to set aside. During this time, the trustee filed his motion to allow attorney's fees; Simpson objected to such motion; a hearing on the issue was held (which Simpson failed to attend); an order allowing attorney's fees was entered; and the judgment was amended to reflect this award. Simpson did argue in one para-graph of her objection to attorney's fees that the default judgment should not have been entered since she was unable to at-tend. However, she did not appear in sup-port of her allegations.

■ Failure to attend due to illness nor-mally constitutes excusable neglect upon which a default judgment may be set aside. *See Ken–Mar Airpark, Inc. v. Toth Air-craft & Accessories Co.*, 12 F.R.D. 399, 400 (W.D.Mo.1952). Here, however, Simpson has demonstrated a pattern of inexcusable neglect. She has uniformly failed to ap-pear in support of her position in this case, whether she was the moving party or the opposing party. She failed to attend the trial without requesting a continuance. Once the default judgment was entered, she halfheartedly suggested the default was improper, but again refused to appear either to attack the default judgment or defend against additional sums being added to the judgment. Even the grant of a default judgment against Simpson has been insufficient to prompt her to appear before the Court. Having stood by until this case was brought to a virtual close, Simpson now wishes to go back and reopen the entire matter. The Court concludes the defendant's culpable conduct, and not ex-cusable neglect, was the reason for entry of the default judgment.

■ For these same reasons, the Court concludes Simpson failed to file her motion to set aside the default judgment within a reasonable time, as required by Rule 60(b). Simpson knew of the default judgment by August 24, 1992 at the latest (the date she signed her objection to attorney's fees that mentioned the default). Her motion to set aside the default was not filed until almost exactly 3 months later. A hearing was scheduled in September, but Simpson was unwilling to use this opportunity to set aside the default, and failed to make an appearance. Given that the proffered rea-son for her nonappearance at trial was a temporary illness, and in light of her other actions, Simpson's delay in seeking to avoid the default for three months is inexcusable, and does not meet the requirement that the motion be filed within a reasonable time. *See Sony Corp. v. S.W.I. Trading, Inc.*, 104 F.R.D. 535, 541–42 (S.D.N.Y.1985) (Rule 60(b) motion filed on October 30, 1984 was not filed within a reasonable time in light of defendant's other actions when de-fault judgment was entered in June, 1984, and defendants knew of the judgment by early September at the latest). The actions of the debtor and Simpson in this case have been designed to frustrate the record and delay the process other than on the merits of the plaintiff's cause of action and any legitimate defense thereto.

## CONCLUSION

Simpson permitted the default judgment to be entered against her through culpable conduct, not excusable neglect. Once the judgment was entered, she delayed moving to set aside the default judgment until an unreasonable time had passed. Under these circumstances, Simpson is not enti-tled to have the default judgment set aside.

Accordingly, it is

ORDERED that Simpson's motion to set aside the default judgment is DENIED.