CHASE CAPITAL CORPORATION, dba Quail Valley Country Club, Appellant,

v.

A. J. BUMB, Receiver, etc., et al., Appellees.

No. 19255.

United States Court of Appeals Ninth Circuit.

Oct. 6. 1964.

Kyle Z. Grainger, Jr., Los Angeles, Cal., for appellant.

Hubert F. Laugharn, Los Angeles, Cal., for appellee.

Before POPE and BARNES, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court affirming an order of the Referee in Bankruptcy adjudging the appellant to be a bankrupt. Appellant had filed proceedings under Chapter 11 of the Bankruptcy Act seeking an arrangement under § 322. Attempts at filing a plan of arrangement or securing approval of one did not materialize and after a number of hearings the appellant was adjudged a bankrupt. The propriety of such an order in a Chapter 11 proceeding is not questioned.

On this appeal appellant asserts that it was denied an opportunity to have legal counsel; that proper notice was not given to the effect that the proceedings might terminate in an adjudication of bankruptcy; that it was denied due process of law because of the claimed irregularities mentioned; and, finally, that the district judge should have made findings of fact and conclusions of law instead of merely adopting and approving the conclusions of the referee.

 We find no merit in this appeal. The appellant had ample opportunity to employ counsel, actually had counsel, and no action of the court operated to deny appellant full opportunity to employ counsel as it might choose. The notice actually given conformed to the requirements of the Bankruptcy Act and was completely adequate and because of the conclusions we must reach with respect to these matters there is no basis for a claim of denial of due process. The district court was not required to enter its own findings of fact if the findings of the Referee were adopted as they were in this case. Earhart v. Callan, 9 Cir., 221 F.2d 160.

The order appealed from is affirmed.