**AVIATION SPECIALTIES INC., an Arizona Corporation d/b/a Desert Aviation Services, Appellant,**

v.

**Thomas M. THOMPSON, Appellee.**

No. 21864.

United States Court of Appeals
Ninth Circuit.

May 14, 1968.

James A. Struckmeyer, A. J. Davich, of Struckmeyer & Davich, Phoenix, Ariz., for appellant.

Richard E. Norling, John C. King, of Shimmel, Hill, Kleindienst & Bishop, Donald D. Meyers, Phoenix, Ariz., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges; and TAYLOR, District Judge.*

TAYLOR, District Judge:

This is an appeal from an order of the District Court for the District of Arizona denying appellant's motion for a rehearing on a motion to set aside a default judgment made and entered against appellant in the above matter on November 28, 1966.

The only question presented here which we deem necessary to decide, is whether the District Court abused its discretion in denying the motion for rehearing.

* Honorable Fred M. Taylor, District Judge, United States District Court, Idaho, sitting by designation.

**200**

Appellee's complaint in this action was filed on October 17, 1966, and service was made on the appellant on October 18, 1966. The appellant failed to serve and file a responsive pleading to the complaint within the statutory period of twenty days and on November 8, 1966, the default of appellant was entered by the Clerk of the District Court on the application of counsel for appellee. The following day, November 9, 1966, counsel for appellant filed an answer and various motions. Thereafter, on November 14, 1966, a motion to strike, a motion for default judgment, and a notice of hearing on the same were filed and service of the same was made by mail on counsel for appellant. On November 23, 1966, the day and time specified in said notice a hearing was had before the court on the motion for a default judgment and on November 28, 1966, the default judgment was made and entered. At the time of said hearing no appearance was made on behalf of appellant by its counsel or anyone else.

Appellant did not file any motion or make any showing to set aside the default entered on November 8, 1966, or to vacate the default judgment made and entered on November 28, 1966, until January 24, 1967, at which time it filed a motion to set aside the default and vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. At this time it was claimed that the notice of application for the default judgment was not received by the appellant or its counsel as provided by Rule 55 of the Federal Rules of Civil Procedure. Appellee responded to said motion and the same came on for hearing before the court on February 6, 1967, at which time the court continued the matter until February 20, 1967, for the purpose of giving appellant additional time within which to make an adequate showing in support of its motion. A hearing was again had on said motion before the court on February 20, 1967, at which time the court denied appellant's motion. On March 1, 1967, ap-

pellant filed a motion for rehearing which was also denied by the court on March 2, 1967, and appellant, after obtaining new counsel, appealed from the order denying said motion for rehearing.

■■ A motion to vacate a default judgment is addressed to the sound legal discretion of the trial court and the trial court's determination will not be disturbed except for an abuse of such discretion. Siberell v. United States, 268 F.2d 61 (9th Cir. 1959). After reviewing the record in this case, we are unable to conclude that under the circumstances shown thereby, the District Court abused its discretion in denying appellant's motion. The order of the District Court is affirmed.