Cole **MADSEN**, Appellant,

v.

**A. J. BUMB**, Receiver and Trustee for the Estate of Chase Capital Corporation, dba Quail Valley Country Club, a California Corporation, Appellee.

No. 22667.

United States Court of Appeals
Ninth Circuit.

Nov. 19, 1969.

Herbert E. Selwyn (argued), Los Angeles, Cal., for appellant.

Hubert F. Laugharn (argued), of Craig, Weller & Laugharn, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Defendant-appellant Cole Madsen (hereinafter Madsen) appeals from a Default Judgment and the Order for Default Judgment entered on December 4, 1967. He alleges various grounds for reopening the judgment. We find all arguments without merit and sustain the action of the district court.

This action is a part of the proceedings in bankruptcy against the Chase Capital Corporation. Chase, a public stock corporation, was engaged in operating the Rainbow Angling Club and the Quail Valley Country Club. In addition, it had sold subdivided lots near the Quail Valley facility.

In 1958 Madsen and an associate obtained an option to purchase a controlling interest in Chase Capital Corporation. Thereafter, as alleged by the complaint of the trustee in bankruptcy, Madsen initiated a complex scheme to fraudulently divert assets of the Corporation to his own use; without any investment of his own funds, Madsen successfully looted Chase of sums running into the hundreds of thousands of dollars.

Bankruptcy proceedings involving Chase Capital began on October 4, 1962 by a petition under Chapter XI for a plan of arrangement. A. J. Bumb was appointed receiver. On September 5, 1963 Chase was adjudicated a bankrupt and Bumb was appointed trustee.[1] As a part of his duties, Bumb brought an action against Madsen and others to set aside the fraudulent transfers and to recover the diverted assets for the bankrupt. A copy of the complaint was served on Madsen on July 8, 1965. When no answer was filed within the statutory period, default was entered on August 4, 1965 pursuant to Rule 55 of the Federal Rules of Civil Procedure.

On March 29, 1967 Madsen moved to be relieved from the default. He contended that he had understood that his answer had been filed on August 26, 1965 pursuant to an oral extension of time given by Mr. Hubert Laugharn, counsel for Mr. Bumb. The motion was heard by the district court on April 24, 1967. Counsel for both parties were heard and various affidavits and other documents were received. On May 5, 1967 the district court denied Madsen's motion. The Order Denying the Motion stated:

"Bearing in mind the beneficial purpose of relief from default in appropriate cases, and the philosophy enunciated by the appellate courts that relief from default should not be unreasonably denied and that doubts should be resolved in favor of relief from default, nevertheless, the moving party here is not entitled to be relieved from his default. He has not shown good cause for such relief, in that he has not shown excusable neglect and he has failed to show that he has a meritorious defense to the action."

Specifically, the Court rejected Madsen's contention that he had been granted an extension of time to plead. The Order stated that the Court had not believed statements of Madsen and his attorney in regard to the extension and had believed those of Mr. Laugharn.

Following the affirmation of the default, Bumb filed a motion for a default judgment. A hearing on the motion was held by the court on November 30, 1967. On December 4, 1967 a Default Judgment was entered. Madsen appeals to this Court from that judgment. The order of May 5, 1967 being interlocutory, may be reviewed on appeal

1. An appeal from the adjudication was taken by Chase and the order affirmed in Chase Capital Corp. v. Bumb (9 Cir. 1964) 336 F.2d 1000, cert. denied (1965) 380 U.S. 934, 85 S.Ct. 941, 13 L.Ed.2d 831.

from the final judgment. Sackett v. Beaman, (9 Cir.1968) 399 F.2d 884, 889; Atchison, Topeka and Santa Fe Ry. Co. v. Jackson, (10 Cir.1956) 235 F.2d 390, 392. Appellee Bumb concedes this point.

Madsen contends that the district judge erred in refusing to set aside the default. Rule 55(c) of the Federal Rules of Civil Procedure governs relief from defaults. It provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Since default judgment had not been entered at the time of the April 24, 1967 hearing, Madsen's claim is governed by the "good cause shown" requirement of Rule 55(c).

Madsen incorrectly cites Rule 60(b) as controlling on this case. In pertinent part the Rule states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * * or (6) any other reason justifying relief from the operation of the judgment."

■ By its terms Rule 60(b) applies only to relief from a final judgment. Here Madsen did not request the district court to set aside the December 4, 1967 default judgment. Technically, therefore, he is foreclosed from asserting that the district court misapplied Rule 60(b). However, to avoid an unduly technical disposition of the case, we shall treat Madsen as having applied for both Rule 55(c) and 60(b) relief in the district court.

■ The determination as to whether a default or a default judgment shall be set aside rests in the sound discretion of the trial court. Aviation Specialties, Inc. v. Thompson, (9 Cir.1968), 395 F.2d 199; McCloskey & Co. v. Eckart, (5 Cir.1947) 164 F.2d 257; Ferraro v. Arthur M. Rosenberg Co., (2 Cir.1946) 156 F.2d 212. In Provident Security Life Ins. Co. v. Gorsuch, (9 Cir.1963) 323 F.2d 839, cert. denied 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970 (1964), a case in which a default judgment was reopened, this Circuit noted: "An abuse of discretion in denying such a motion is not shown unless the district court was clearly wrong in finding that good cause had not been shown for the motion to set aside the default judgment." (page 842). Moore's Federal Practice § 55.-10[2] observes: " * * * [C]learly the court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the default is due to wilfulness or in some other respect the defaulter is not proceeding in good faith."

■ We find that on the state of the record there is no reason to conclude that the district judge abused the discretion given him by Rules 55(c) and 60(b). In denying the March 29, 1967 Motion for Relief from Default, the judge noted:

" * * * Madsen's proposed Answer consists of a mere general denial without facts to support it and is unverified. Madsen has also filed a lengthy and verbose affidavit and a proposed 'Further and Separate Defense' which is in the nature of a counterclaim. Neither has anything to do with the facts charged against Madsen in the Complaint. Thus, no meritorious defense to the action is shown."

Subsequent to the denial of the March 29 motion, Madsen filed a Brief Re Motion for Default Judgment in which he spoke of various favorable evidence that could be presented at a trial on the merits. However, no supporting affidavits or documents were presented to support this 11th hour claim. In fact, Madsen did not even specify his potential witnesses.

In addition to Madsen's failure to show a substantial defense, we take note of the district judge's opportunity to

weigh the equities of the case. The record indicates that the judge had been involved with the Chase Capital Corporation bankruptcy proceedings for a substantial time. He had reviewed the background and the merits of those proceedings. He was doubtless cognizant of the additional cost and delay resulting from a reopening of the action against Madsen. Finally, he had, on at least two occasions, the opportunity to hear and observe the principal parties to the action.

Other contentions raised by Madsen are similarly without merit.[2]

The judgment of the district court is affirmed.

2. Psychiatric reports concerning Vaughn R. Antablin, alleged attorney for Madsen at the time of the entry of the default in 1965, are attached to Madsen's brief. They were made in 1968 and were never a part of the record below. They are ordered stricken from the brief.