**Raymond O'Neil SCOTT and Scott Farms, Inc., Plaintiffs–Appellees,**

v.

**Richard DeMENNA, Defendant–Appellant.**

No. 87–8405.

United States Court of Appeals, Eleventh Circuit.

March 14, 1988.

Rehearing and Rehearing En Banc Denied April 22, 1988.

Barbara L. Herwig, Robert K. Rasmussen, U.S. Dept. of Justice, Washington, D.C., Jack Hood, Asst. U.S. Atty., Macon, Ga., for defendant-appellant.

M. Brice Ladson, Jerry C. Carter, Jr., Bouhan, Williams & Levy, Savannah, Ga., for plaintiffs-appellees.

Before HATCHETT and CLARK, Circuit Judges, and LYNNE *, Senior District Judge.

HATCHETT, Circuit Judge:

In this defamation lawsuit removed to federal court, we apply the Supreme Court's recent decision in *Westfall v. Erwin*, —— U.S. ——, 108 S.Ct. 580, 98 L.Ed. 2d 619 (1988) to reverse the district court's denial of a federal official's motion for summary judgment based on immunity from common law tort liability.

The Department of Agriculture (Department) employs the appellant, Richard DeMenna, as a market news reporter. The Department also publishes the "Fruit and Vegetable News," which reports prices and matters affecting the prices of fruits and vegetables. Although DeMenna primarily reports routine information that affects the prices of fruits and vegetables, he is also required to report "unusual occurrences" that could affect market prices in Georgia.

The controversy in this case arises from DeMenna's news release, published in the

---

* Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

"Fruit and Vegetable News," concerning a police raid on Scott Farms, Inc., owned by the appellee, Raymond O'Neil Scott. The news release stated that law enforcement officers suspected Scott of transporting out-of-state onions and mislabeling them as Georgia "vidalia" onions. The vidalia onion is world renown, has a sweet taste, is indigenous to the South Georgia region, and brings a higher price than most other onions. Scott is a major producer of vidalia onions in the region. The news release which was circulated nationwide noted that a grand jury previously indicted Scott in a similar case.

Scott filed a defamation lawsuit in state court alleging injury to his business as a result of the news release. After DeMenna removed the lawsuit to federal court, he moved for summary judgment contending that a federal employee acting within the scope of employment is immune from common law tort liability. The district court denied the motion for summary judgment.

On appeal, DeMenna contends that the district court erred in ruling that a genuine factual dispute exists as to whether DeMenna acted within the scope of employment. The sole issue for resolution is whether DeMenna's motion for summary judgment should have been granted.

The Supreme Court recently settled the test of absolute immunity for federal officials. In *Westfall v. Erwin,* —— U.S. ——, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), *aff'g,* 785 F.2d 1551 (11th Cir.1986), the Court affirmed this circuit's decision and held that conduct of federal officials must be discretionary in nature and within the scope of employment before the official's conduct is absolutely immune from state tort liability. *Westfall,* —— U.S. at ——, 108 S.Ct. at 584–85. The Court in *Westfall* recognized that the purpose of official immunity would be defeated by shielding a federal official from state tort liability in situations where the official does not exer-cise independent judgment. Indeed, non-discretionary activity has no support from the traditional justification for official immunity. The discretionary nature of a particular act is central to the question of whether an official should be afforded absolute immunity. *Westfall,* at ——, 108 S.Ct. at 584–85; *see generally Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) (where the discretionary nature of the act was dispositive to Justice Harlan's opinion).

In this case, DeMenna's job responsibilities required discretion in reporting the market news. DeMenna's responsibilities required that he report "unusual occurrences" that could affect market prices in Georgia. The market news handbook does not codify "unusual occurrences." A police raid on a major supplier of vidalia onions for mislabeling is an unusual occurrence and one which could affect market prices.

Although this court has precedent in accordance with the *Westfall* decision, prior to the *Westfall* decision controversy existed among the circuits as to the proper test to be applied in immunity cases.** The district court, in making its decision concerning the immunity question, did not have the benefit of the recent Supreme Court decision in *Westfall.* Consequently, because DeMenna's duties as market news reporter requires inherent discretion in reporting events that may affect the market, and because no genuine issue of fact remained as to whether DeMenna acted within the scope of employment, summary judgment on the immunity issue should have been granted.

Accordingly, the decision of the district court is reversed.

REVERSED.

---

** *Compare General Electric Co. v. United States,* 813 F.2d 1273, 1276–77 (4th Cir.1987) (where federal officials were held to be absolutely immune from state law tort suits for conduct within the scope of their employment) with *Araujo v. Welch,* 742 F.2d 802, 804 (3rd Cir.1984) (a federal official's conduct absolutely immune only if within the scope of employment and discretionary). The *Barr v. Matteo* opinion contained language that led some circuits to believe that when an official acts within the scope of his employment he is automatically immune from suit. On the contrary, the discretionary function was central to the Court's decision.