FILED

APR 07 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-13-1567-DKiKu |
| ) | |
| IRISON LOMONT JONES, ) | Bk.   No.   13-15206 |
| ) | |
| Debtor. ) | Adv. No.   13-1502 |
| _____) | |
| BRETT JONES-THEOPHILIOUS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[1] |
| ) | |
| WESLEY HOWARD AVERY, CHAPTER 7) | |
| TRUSTEE, ) | |
| Appellee. ) | |
| _____) | |

Submitted Without Oral Argument
on April 2, 2015

Filed - April 7, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Bankruptcy Judge, Presiding

Appearances:     Appellant Brett Jones-Theophilious, pro se, on
                 brief.

Before: DUNN, KIRSCHER and KURTZ, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

This is an appeal by a pro se non-debtor incarcerated adversary proceeding defendant, Brett Jones-Theophilious ("Mr. Jones-Theophilious"). Mr. Jones-Theophilious is the brother of the debtor, Irison Lomont Jones ("debtor").[2] In the adversary proceeding, the chapter 7 trustee ("Trustee") obtained entry of default against Mr. Jones-Theophilious. Mr. Jones-Theophilious appeals the entry of default against him on the ground that the Trustee did not properly serve him with the complaint, the summons and the motion for entry of default.[3] We

---

[2] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references as to the Federal Rules of Civil Procedure.

[3] Before the bankruptcy court issued its decision on Mr. Jones-Theophilious' motion to set aside the default, the Trustee filed a motion for entry of a default judgment against him. (In the unilateral status report filed by the Trustee on October 10, 2013, the Trustee claimed that the bankruptcy court directed him to file the motion for default judgment.) On November 8, 2013, the bankruptcy court entered an order denying Mr. Jones-Theophilious' motion to set aside the default and the default judgment against him.

On appeal, Mr. Jones-Theophilious seems to challenge both the entry of the default **and** the entry of the default judgment. To contest an entry of default, the aggrieved party must file a motion under Civil Rule 55(c), which allows the bankruptcy court to set aside a default for good cause shown. However, once a default judgment has been entered (as it was here), the party seeking relief must file a motion under Civil Rule 60(b). See Civil Rule 55(c) and Rules 7055 and 9024. See also Katzir's Floor and Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1147 n.1 (9th Cir. 2004)("Once a default **judgment** has been entered . . . the aggrieved party must proceed under [Civil] Rule 60(b) to have the judgment set aside.")(emphasis in original).

Although Mr. Jones-Theophilious filed a motion to set aside
(continued...)

AFFIRM.

**FACTS**[4]

In or about October 2001, the debtor purchased his residence located in Lancaster, CA ("Lancaster Property"). In July 2002, he obtained a mortgage loan from Indymac Bank ("Indymac"), secured by a trust deed against the Lancaster Property.

The debtor defaulted on the loan. After a notice of default and election to sell was recorded, a trustee's sale was scheduled for April 16, 2010.

Between April 2010 and August 2010, the debtor transferred 25% fractional interests in the Lancaster Property as "gifts" to three friends/family members, including his brother, Mr. Jones-Theophilious (collectively, "transferees"). When the debtor

---

[3](...continued)
the default, as of March 30, 2015, he had not filed a motion to set aside the default judgment. We therefore address his motion to set aside the default only.

[4] Mr. Jones-Theophilious did not provide any documents or transcripts of hearings from the underlying adversary proceeding. Instead (as we describe in more detail below), he provided us copies of envelopes bearing his address and a copy of his expired driver's license.

Because we lack many of the relevant documents, we have exercised our discretion to reach the merits of the appeal by independently reviewing the bankruptcy court's electronic docket and the imaged documents attached thereto. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003). We also have done our best to reconstruct what happened at the relevant hearings without the benefit of the missing transcripts. See Ehrenberg v. Cal State Fullerton (In re Beachport Entm't), 396 F.3d 1083, 1087-88 (9th Cir. 2005).

3

transferred the 25% interest to Mr. Jones-Theophilious on April 15, 2010, Mr. Jones-Theophilious promptly filed a skeleton chapter 13 bankruptcy petition (case no. 10-24540-VZ). Because he failed to file the schedules, statement of financial affairs ("SOFA") and plan, the chapter 13 case was dismissed in early May 2010.

On February 28, 2013, the debtor filed his chapter 7 bankruptcy petition (main case no. 13-15206-SK). He converted his chapter 7 case to chapter 13 on May 27, 2014.

The debtor did not list the Lancaster Property in his original Schedule A. However, he claimed an exemption in the Lancaster Property in his original Schedule C and named Indymac as a secured creditor in his original Schedule D. The debtor did not mention Mr. Jones-Theophilious in any of his original schedules or in his SOFA. Although the debtor amended his Schedule A, Schedule C and Schedule D, including the Lancaster Property, he did not mention his or the transferees' alleged respective 25% interests in the Lancaster Property. He simply listed the Lancaster Property in his amended schedules, implying that he owned it 100%.

In April 2013, the Trustee began marketing the Lancaster Property for sale. Meanwhile, on May 7, 2013, he initiated an adversary proceeding against the transferees (adv. proc. no. 13-1502-SK), asserting numerous claims for relief.[5]

---

[5] When the Trustee obtained an offer to purchase the Lancaster Property, he moved to sell it free and clear of liens under § 363(f) in January 2014. The bankruptcy court approved
(continued...)

4

Among these claims for relief, the Trustee sought to enjoin the transferees from transferring their interests in the Lancaster Property and from filing further bankruptcy petitions.[6] He also sought to avoid as fraudulent the debtor's transfers of the fractional interests in the Lancaster Property to the transferees.

The Trustee also sought declaratory relief for various determinations, including that: 1) the bankruptcy estate owned the Lancaster Property; and 2) the transferees held no legal or equitable interests in the Lancaster Property. He also sought: 1) to quiet title against the transferees; 2) turnover of the Lancaster Property; and 3) authority to sell the fractional interests in the Lancaster Property, including those of the transferees, to the extent that they were co-owners.

---

[5](...continued)
the sale, entering an order in February 2014 ("sale order"). The debtor appealed the sale order (BAP No. CC-14-1069) and requested a stay pending appeal. Both the bankruptcy court and the Panel denied the debtor's request for a stay pending appeal.

The debtor vacated the Lancaster Property, allegedly stripping it and doing $100,000 in damages in the process. The sale fell through when the buyers withdrew their offer to purchase. The appeal of the sale order later was dismissed as moot on the Trustee's motion.

[6] On the same day he filed his complaint, the Trustee separately moved for a preliminary injunction and a temporary restraining order.

The bankruptcy court entered a temporary restraining order on May 8, 2013. It issued a preliminary injunction on May 22, 2013, enjoining the transferees from transferring their fractional interests in the Lancaster Property. However, the bankruptcy court denied the Trustee's request to enjoin the transferees from filing for bankruptcy.

5

On May 8, 2013, the summons was issued, requiring the transferees to file their answers to the complaint by June 7, 2013. On the same day, the Trustee filed a proof of service of the summons and the complaint. In the proof of service, the Trustee declared under penalty of perjury that, on May 8, 2013, he served Mr. Jones-Theophilious the summons and complaint via FedEx, next business day delivery, at his last known address. The Trustee listed the address as 793 Beatrice, Veguita, NM 87062 ("793 Beatrice Address"). The Trustee filed a supporting Declaration on the following day.

On June 13, 2013, the Trustee filed a request for entry of default against Mr. Jones-Theophilious and the other transferees for failing to file any answer or responsive pleading to the complaint by the June 7, 2013 deadline. A notice of entry of default was entered on June 14, 2013. The certificate of notice reported that the notice of the entry of default had been sent by first-class mail by the Bankruptcy Noticing Center ("BNC") to Mr. Jones-Theophilious at the 793 Beatrice Address.

On July 11, 2013, the Trustee filed a status report stating that: 1) all of the transferees had been served with the complaint and the summons; 2) none of the transferees had filed answers to the complaint; and 3) default had been entered against all of the transferees on June 14, 2013. He further disclosed that he was in the process of preparing a request for entry of a default judgment against the transferees.

The status report included a proof of service. Notably, the status report proof of service listed two addresses for Mr. Jones-Theophilious, the 793 Beatrice Address and the

6

following address: Prisoner Reg. No. 41299-069, FDC Detention Center-Miami, Attn: Legal Documents, P.O. Box 019120, Miami, FL 33101. A status hearing was set for August 8, 2013, but was continued to October 24, 2013.

On July 17, 2013, Mr. Jones-Theophilious filed a declaration, which essentially was an answer to the complaint.[7] Among his various arguments, Mr. Jones-Theophilious contended that, as he had "received a package on 6-22-13 regarding this matter, any hearing prior to that date [was] undue surprise, as process had not been perfected."

Two days later, Mr. Jones-Theophilious filed a motion to set aside the default ("First Motion to Set Aside Default"). In the First Motion to Set Aside Default, he claimed that he had "just received" the complaint and the summons in late June or early July 2013. He contended that the default against him should be set aside because the Trustee failed to serve the complaint and

---

[7] The declaration was filed by a Brett Bin Isaac/Brett Jones. At the top left-hand corner of the declaration was this hand-written notation: "Ronald West (310) 466-7519." (The bankruptcy court clerk listed Mr. West as the filer of the declaration on the adversary proceeding docket.) Below the hand-written notation was the following text: "Brett (Counsel), P.O. Box 393, New Mexico, Veguita."

At the outset of the declaration, Brett Bin Isaac represented that he was "the Executor for the ESTATE 'BRETT JONES-THEOPHILIOUS ESTATE/TRUST.'" He further stated that "BRETT JONES-THEOPHILIOUS is an unincorporated foreign corporation . . . and under law is a legal entity and individual, not a natural person." Also, the declaration ended with "Brett Jones 1-308, 3-415 without recourse, all rights reserved."

Based on these statements, we deduce that Mr. Jones-Theophilious had written the declaration and presumably filed it through Mr. West.

7

summons properly on him by sending them through "regular mail," which was "not in compliance with Service of Process Rules." Mr. Jones-Theophilious also informed the bankruptcy court of his incarceration.[8]

On September 30, 2013, he filed another motion to set aside the default ("Second Motion to Set Aside Default"). In it, Mr. Jones-Theophilious argued that the Trustee failed to serve the pleadings properly, which rendered the default entered against him invalid. He further claimed that the bankruptcy court lacked jurisdiction because of the Trustee's improper service of the pleadings.

Mr. Jones-Theophilious also alleged that the bankruptcy court knew that he was in transit between prisons but failed to ensure that he was served properly. He urged the bankruptcy

---

[8] Along with the First Motion to Set Aside Default, Mr. Jones-Theophilious filed a declaration, which essentially was an amended or further answer to the complaint. See adv. proc. docket no. 25. In it, he made a number of allegations, including that: 1) Indymac lacked standing and did not have a valid claim to the Lancaster Property because the promissory note had been sold; 2) the Lancaster Property was covered by mortgage default insurance; and 3) the bankruptcy court did not have subject matter jurisdiction.

He also filed other documents, including: 1) a "declaration," titled "Official Laws of the United States and P.L. 73.10, The Banking Act of 1933, #2 Stat. Ch. 48 (June 5, 6 1933 Act, 12 U.S.C. 411, 412," which set forth additional arguments against Indymac; 2) an "affidavit," titled "Affidavit Maxim, Assets, 'Show Me the Original Note,' Proof of Payment in Full, Right to Counter and Discovery," which set forth more arguments against Indymac, as well as a request for discovery; and 3) an "affidavit," titled "Reminder of Rules, as well as Secured Right," which informed the bankruptcy court that he was in transit, presumably between prisons.

8

court to hold a hearing on his motions.

Mr. Jones-Theophilious included a change of address in his Second Motion to Set Aside Default. He listed his new address as P.O. Box 2005-41299069, Catano, Puerto Rico 00963.

The Trustee filed a response, contending that Mr. Jones-Theophilious failed to show good cause to set aside the default.

On November 8, 2013, the bankruptcy court entered an order denying the Second Motion to Set Aside Default.[9] It determined that Mr. Jones-Theophilious failed to demonstrate good cause for setting aside the default pursuant to Civil Rule 55(c) in that he did not provide any evidence showing: 1) that he did not engage in the culpable conduct that led to the default; or 2) that he had a meritorious defense to the Trustee's claims. The bankruptcy court also pointed out that it had determined earlier that the Trustee had properly served the complaint and summons on Mr. Jones-Theophilious at his address of record.[10] A default judgment in favor of the Trustee and against Mr. Jones-Theophilious was entered on November 8, 2013.[11]

Mr. Jones-Theophilious appealed.

---

[9] On the same day, the bankruptcy court entered an order granting the Trustee's motion for entry of a default judgment. It determined that the Trustee timely and properly served the transferees and that the transferees failed to oppose the entry of a default judgment.

[10] The bankruptcy court ordered the Trustee to serve Mr. Jones-Theophilious at the Puerto Rico prison address.

[11] On November 9, 2013, the Trustee filed a notice of entry of the default judgment against the transferees. The proof of service listed all three addresses for Mr. Jones-Theophilious.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(H). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in denying Mr. Jones-Theophilious' Second Motion to Set Aside Default?

## STANDARDS OF REVIEW

We review the bankruptcy court's denial of a motion to set aside a default under Civil Rule 55(c) for an abuse of discretion. Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1110 (9th Cir. 2011); U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010)("Mesle"). We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc). First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." Id. Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. Id. at 1262 & n.20. A bankruptcy court abuses its discretion if it applied the wrong legal standard or misapplied the correct legal standard or its factual findings were illogical, implausible or without support in the record. Trafficschool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

However, we review de novo the bankruptcy court's

10

determination that service of process was sufficient. Rubin v. Pringle (In re Focus Media, Inc.), 387 F.3d 1077, 1081 (9th Cir. 2004).

We may affirm the bankruptcy court on any ground supported by the record. See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

**DISCUSSION**

Civil Rule 55, made applicable in bankruptcy proceedings through Rule 7055, provides that a default may be entered against a party when that party fails to plead or otherwise defend an action. Civil Rule 55(a). Under Civil Rule 55, the bankruptcy court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." Televideo Sys., Inc. v. Heiddenthal, 826 F.2d 915, 917 (9th Cir. 1987). Where a default has been entered, the bankruptcy court should accept as true all allegations in the complaint, except those relating to damages. Id. at 917.

"The determination as to whether a default . . . shall be set aside rests in the sound discretion of the trial court." Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)(citations omitted). Under Civil Rule 55(c), the bankruptcy court may set aside an entry of default for good cause. To determine whether good cause exists to set aside a default under Civil Rule 55(c), the bankruptcy court must consider three factors: 1) whether the defaulting party engaged in culpable conduct that led to the default; 2) whether the defaulting party had no meritorious

11

defense; or 3) whether reopening the default judgment would prejudice the other party ("Civil Rule 55(c) factors"). <u>Mesle</u>, 615 F.3d at 1091. "This test is disjunctive, such that a finding that any one of the factors is true is sufficient for the court to refuse to set aside the default." <u>Id.</u> The defaulting party invoking Civil Rule 55(c) bears the burden of demonstrating that these factors favor setting aside the default. <u>See</u> <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001).

The bankruptcy court based its denial of the Second Motion to Set Aside Default on the first and second Civil Rule 55(c) factors. Mr. Jones-Theophilious does not appear to challenge the bankruptcy court's determinations on either of the first two Civil Rule 55(c) factors, providing a solid basis for affirming the decision of the bankruptcy court. Instead, he seeks to set aside the default by arguing in essence lack of due process and lack of personal jurisdiction.[12] We address each of his arguments in turn.

1. Lack of due process

Mr. Jones-Theophilious first argues that the default should be set aside because the bankruptcy court violated his right to

---

[12] Mr. Jones-Theophilious' arguments are rambling and confusing. We construe his pro se appeal brief liberally. <u>See</u> <u>Keys v. 701 Mariposa Project, LLC (In re Keys)</u>, 514 B.R. 10, 15 n.3 (9th Cir. BAP 2014)(citations omitted). However, our indulgence in that regard is not unlimited. "We will not manufacture arguments for an appellant, and a bare assertion does not prove a claim . . . . As the Seventh Circuit in [<u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir. 1991)] stated aptly: '[j]udges are not like pigs, hunting for truffles buried in briefs.'" <u>Greenwood v. FAA</u>, 28 F.3d 971, 977 (9th Cir. 1994).

12

due process by failing to hold a hearing on his First Motion to Set Aside Default and/or Second Motion to Set Aside Default, despite his request.

"Due process only requires a meaningful hearing appropriate to the nature of the case." Jordan v. City of Lake Oswego, 734 F.2d 1374, 1376 (9th Cir. 1984), citing Bell v. Burson, 402 U.S. 535, 540 (1971). Within the context of a motion brought under Civil Rule 55(c), a bankruptcy court "is not required to set aside the default and may conduct such hearings as it deems necessary pursuant to [Civil] Rule 55(b)(2)."[13] Kubrick v. FDIC (In re Kubrick), 171 B.R. 658, 662 (9th Cir. BAP 1994).

Stated differently, a bankruptcy court has discretion as to whether to hold a hearing on a Civil Rule 55(c) motion. Here, the bankruptcy court exercised its discretion under Civil Rule 55(b)(2) when it apparently declined to hold a hearing and ruled on the motion papers with respect to the First Motion to Set Aside Default and/or the Second Motion to Set Aside Default filed by a party incarcerated out of state.[14] By exercising discretion as authorized under Civil Rule 55(b)(2), the

_____

[13] Civil Rule 55(b)(2) provides, in relevant part, that "the court **may** conduct hearings or make referrals . . . when to enter or effectuate judgment . . . ." (Emphasis added.)

[14] The Trustee asserted that the bankruptcy court ruled on the Second Motion to Set Aside the Default at a status conference held on September 24, 2013. See adv. proc. docket no. 40. We cannot determine from the docket whether the bankruptcy court actually held a hearing on the Second Motion to Set Aside the Default on that date. Based on our review of the docket, a status hearing was scheduled for October 24, 2013, not September 24, 2013. See adv. proc. docket no. 30.

13

bankruptcy court did not violate Mr. Jones-Theophilious' right to due process and did not abuse its discretion.  Mr. Jones-Theophilious' due process argument therefore is without merit.

2.    Lack of personal jurisdiction

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Civil Rule 4] [made applicable through Rule 7004]."  Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  Civil Rule 4 "'should be liberally construed so long as a party receives sufficient notice of the complaint.'"  Id., quoting United Food & Comm. Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  However, there must be substantial compliance with Civil Rule 4, otherwise "'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'"  United Food, 840 F.2d at 688, quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Mr. Jones-Theophilious contends that the bankruptcy court lacked personal jurisdiction over him because he was outside the boundaries/limits of its district, as he was incarcerated in Puerto Rico.  Recognizing the reality that many interested parties in a bankruptcy case may not be local, bankruptcy court jurisdiction extends nationwide.  See Rule 7004(d) ("The summons and complaint and all other process except a subpoena may be served anywhere in the United States.").  As noted by Collier's,

> "United States" is not defined for purposes of the subsection.  Inasmuch as the bankruptcy court is a unit of the district court by 28 U.S.C. § 151, however, "United States" would presumably comprise every jurisdiction in which a district court is located,

14

which includes Puerto Rico, Guam and the Virgin Islands.

10 Collier on Bankruptcy ¶ 7004.05 (Alan N. Resnick and Henry J. Sommer, eds. 16th ed. 2014).  Mr. Jones-Theophilious' argument lacks merit.

Alternatively, he asserts that the bankruptcy court lacked personal jurisdiction over him because the Trustee improperly served the pleadings on him by sending them via regular mail, which did not comply with "service of process rules."  He does not provide the specific service of process rule(s) that the Trustee allegedly failed to follow, but he insists that the Trustee had to do more than send the pleadings by first-class mail (e.g., obtain a signature acknowledging receipt).

Contrary to Mr. Jones-Theophilious' arguments, the Trustee properly served the pleadings on him pursuant to Rule 7004. Rule 7004(b)(1) allows service to be made "by first class mail postage prepaid . . . [u]pon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."

Service of a complaint and summons pursuant to Rule 7004(b) "'is effective to establish personal jurisdiction over the person of any defendant with respect to a . . . civil proceeding arising under the Code,' so long as the exercise of jurisdiction is consistent with the Constitution and laws of the United States." Morris v. Peralta (In re Peralta), 317 B.R. 381, 386 (9th Cir. BAP 2004)(citing Rule 7004(f)).  "The mailing of a properly

15

addressed and stamped item creates a rebuttable presumption that the addressee received it. A certificate of mailing raises the presumption that the documents sent were properly mailed and received." Id. (citations omitted). See also Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.), 323 B.R. 703, 709 n.5 (9th Cir. BAP 2005)("The mailbox presumption is that mail properly addressed, stamped, and deposited in an appropriate receptacle creates a rebuttable presumption of its receipt, and service by mail is complete upon mailing. See Rule 7005; [Civil Rule] 5(b). A presumption of receipt is established by showing of proper mailing. Mere denial of receipt is insufficient to rebut the presumption; clear and convincing evidence is required.") See Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 207 (9th Cir. 1991); In re Peralta, 317 B.R. at 386.

Here, the Trustee stated in the proof of service of the complaint and in his supporting Declaration that he served the adversary proceeding complaint and the summons on Mr. Jones-Theophilious via FedEx, next day business delivery, at his **last known address**, the 793 Beatrice Address. The Trustee served Mr. Jones-Theophilious pursuant to Rule 7004(b)(1), which created a rebuttable presumption that Mr. Jones-Theophilious received the pleadings.

Mr. Jones-Theophilious claims that the 793 Beatrice Address is not a "legal address on file with [the] local and regional government." He alleges that his address of record was 473 Beatrice Avenue, Veguita, New Mexico 87062 ("473 Beatrice Address"). However, he did not present any evidence showing that the 793 Beatrice Address was invalid or incorrect or that the

16

473 Beatrice Address was his "address of record." (Notably, Mr. Jones-Theophilious demonstrated that he received service of the summons and complaint by filing the First Motion to Set Aside Default.) He did not provide clear and convincing evidence to the bankruptcy court to rebut the presumption that he received the summons and complaint.

Mr. Jones-Theophilious further argues that the Trustee improperly served the pleadings by mailing them to the incorrect address. As part of his scanty excerpts of record, he provides copies of envelopes listing his address as P.O. Box 393, Veguita, NM 87062 and a copy of his driver's license listing his address as 473 Beatrice Ave., Veguita, NM 87062.

We cannot make any factual determinations on evidence that was not before the bankruptcy court. See Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512 n.5 (9th Cir. 2001)("Evidence that was not before the lower court will not generally be considered on appeal."). We therefore decline to consider these documents.[15]

We also note that Mr. Jones-Theophilious did not submit any corroborating evidence to the bankruptcy court showing that the 793 Beatrice Address was not his address. Aside from his various "affidavits" and "declarations," he provided no other documentary evidence, such as a recent utility bill or a current driver's

---

[15] We do note that the Trustee did not file the complaint against Mr. Jones-Theophilious until May 7, 2013, but the stamps on the envelopes submitted by Mr. Jones-Theophilious are dated between May 16, 2012 and May 25, 2012, and the driver's license has an expiration date of December 31, 2012.

license.

He further contends that the Trustee was required to obtain a signature acknowledging receipt of the pleadings to effect service properly. Rule 7004(b)(1) does not set forth such a requirement. It simply requires the Trustee to send the pleadings via first-class mail to Mr. Jones-Theophilious' dwelling, usual place of abode or to a place where "this individual regularly conducts a business or profession."

Because Mr. Jones-Theophilious did not rebut by clear and convincing evidence the presumption that he received the pleadings once the Trustee effected service pursuant to Rule 7004, his arguments again lack merit.

## CONCLUSION

The bankruptcy court did not abuse its discretion in denying Mr. Jones-Theophilious' request to set aside the default against him. We AFFIRM.

18